J-A25024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEBRA K. CHILLAS, LORI A. MCNAUGHTON AND MICHELE S. ACHEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| MICHAEL B. REEDY | |
| Appellant | No. 548 MDA 2019 |

Appeal from the Order Entered March 13, 2019
In the Court of Common Pleas of Lebanon County
Civil Division at No: 2015-01290

BEFORE:  STABILE, J., McLAUGHLIN, J., and MUSMANNO, J.

DISSENTING MEMORANDUM STATEMENT BY STABILE, J.:

**FILED OCTOBER 15, 2020**

The trial court and the Majority have concluded that a Lease (the "Lease"), originally executed between Michael Reedy ("Appellant"), and the parties' deceased parents ("Decedents"), governing the use of property at 4601 Stiegel Pike, Newmanstown Pennsylvania (the "Property"), is procedurally and substantively unconscionable.  They reach this conclusion despite the fact the agreement reflects precisely what the parties to it desired, because Appellees, not parties to the agreement, do not like its terms.  I find this result to be without precedent.  Here, because Appellees, Debra K. Chillas, Lori A. McNaughton, and Michele S. Achey, were not parties to the Lease, and because they were entitled to disclaim their interest in the 2010 Trust (the

"Trust")[1] by which they succeeded to Decedents' interest in the Property as governed by the Lease, I would reverse the order granting Appellee's request for declaratory relief.

As nonparties to the Lease, Appellees had standing to sue thereunder only if they could establish that they were third party beneficiaries.

> In order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself. Furthermore […] to be a third party beneficiary entitled to recover on a contract it is not enough that it be intended by **one** of the parties to the contract and the **third person** that the latter should be a beneficiary, but **both parties to the contract** must so intend and must indicate that intention in the contract; in other words, a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking.

*PA Energy Vision, LLC v. S. Avis Realty, Inc.*, 120 A.3d 1008, 1015 (Pa. Super. 2015) (emphasis in original), *appeal denied*, 138 A.3d 6 (Pa. 2016). Appellees never claimed to be third-party beneficiaries under the Lease, and any such claim would have failed under the foregoing standard, as there was no indication in the Lease that Appellant and Decedents intended Appellees to be third party beneficiaries under the Lease. Appellees' interest in the Property arises out of the terms of the Trust under which they were to gain

---

[1] The Majority's memorandum thoroughly and accurately sets forth the terms of the Trust and Lease.

ownership interests in the Property upon death of both Decedents. The terms of the Trust are not at issue here.

Likewise, the doctrine of unconscionability focuses on the **parties**[2] to an agreement: "[a] determination of unconscionability requires a two-fold determination: 1) that the contractual terms are unreasonably favorable to the drafter, and 2) that there is no meaningful choice on the part of the other party regarding the acceptance of the provisions." ***MacPherson v. Magee Mem'l Hosp. for Convalescence***, 128 A.3d 1209, 1221 (Pa. Super. 2015) (*en banc*), ***appeal denied***, 161 A.3d 789 (Pa. 2016), ***cert. dismissed***, 138 S.Ct. 354 (2017). Because a finding of unconscionability will obtain only where the complaining party lacked meaningful choice as to acceptance of the objectionable terms, it is clear that unconscionability is measured as of the execution of the contract. Restatement (Second) of Contracts § 208 (1981). ***See also, Parilla v. IAP Worldwide Services VI Inc.***, 368 F.3d 269 (3rd. Cir. 2004) (a contract or term is unconscionable at the time the contract is made).

Appellant and Decedents, the original parties to the Lease, agreed upon its terms. The terms of the Lease were not unusual, and merely reflect Decedent's desire for the farming of the Property to continue. Appellant was

---

[2] ***See, e.g. Pagosa Oil and Gas, L.L.C. v. Marrs and Smith P'ship***, 323 S.W.3d 203, 212 (Tex. Ct. App. 2010) (a non-party to a contract had no standing to challenge it as unconscionable).

- 3 -

willing to undertake the farming of the Property, and Decedents performed their obligations under the Lease without incident or dispute until their passing, at which point Appellees succeeded to Decedents' position as landlords under the Lease. I have found no law supporting the proposition that a person not originally a party to a contract has standing to void the contract as unconscionable. Nor did the Majority or the trial court cite any. Moreover, I have found no supporting law for the trial court's conclusion that Appellees as future landlords were entitled to claim they had no meaningful choice as to the terms of the Lease Agreement when it was negotiated between Decedents and Appellant. Trial Court Opinion, 3/13/19 p. 19. Embracing such a proposition would create an untenable obligation upon a trust's settlors to consult with and secure agreement with all intended beneficiaries before creating and executing a trust agreement. The law does not so provide.

Furthermore, even if Appellees could claim the Lease is unconscionable, an unconscionability challenge would necessarily fail. There is no suggestion the terms of the Lease were unreasonably favorable to Decedents as the Lease drafters. To the contrary, both the trial court and Appellees persuasively argue that the Lease terms favor Appellant as the tenant. The claim would fail on this basis alone. The claim also would fail as both the Decedents and Appellant had a meaningful choice. The Lease was negotiated at arms-length and provided precisely what each party desired. Decedents were willing to

enter into a lease agreement with Appellant with certain financial incentives, so long as he agreed to continue to farm the Property.

To the extent Appellees can claim they had no meaningful choice in succeeding as landlords to the Property and to assuming the Lease obligations, this argument fails as well. If they did not wish to succeed to Decedents' interest in the Property they could have disclaimed any such interest. The right of disclaimer is governed by statute:

> A person to whom an interest in property would have devolved by whatever means, including a beneficiary under a will, an appointee under the exercise of a power of appointment, a person entitled to take by intestacy, a joint tenant with right of survivorship, a donee of an inter vivos transfer, a donee under a third-party beneficiary contract (including beneficiaries of life insurance and annuity policies and pension, profit-sharing and other employee benefit plans), and a person entitled to a disclaimed interest, may disclaim it in whole or in part by a written disclaimer which shall:
>
> (1) describe the interest disclaimed;
>
> (2) declare the disclaimer and extent thereof; and
>
> (3) be signed by the disclaimant.
>
> The right to disclaim shall exist notwithstanding any limitation on the interest in the nature of a spendthrift provision or similar restriction.

20 Pa.C.S.A. § 6201.

Instead of disclaiming, Appellees have accepted their succession in interest to the Property and have attempted to defeat Decedents' intent by having the Lease declared unconscionable. I do not believe the law permits this result. As stated, to hold otherwise, as the Majority does, is to impose

upon a trust settlor a duty to investigate at the time of trust formation whether potential successors under a trust instrument are satisfied with the terms of their potential future interests. Or, upon failing to do so, risk that successors in interest can defeat the settlor's intent in forming the trust. Appellees do not contend that Appellant engaged in any wrongdoing, nor do they contend that Decedents were unable to understand their rights and obligations under the Lease.[3]

Decedents, during their lifetime, were free to plan for the succession of the Property within the bounds of the law, and they were under no obligation to leave anything to Appellees. Appellees, if dissatisfied with the terms of their succession in interest to the Property and Lease, were free to disclaim those interests. This is not a Hobson's choice. Rather, it is the choice faced by anyone who stands to receive a testamentary gift. If the intended recipient deems the gift advantageous, they may accept it on the testator's terms; if not, they may disclaim it. Mere dissatisfaction with the testamentary scheme is not grounds for rewriting it.

_____

[3] The trial court concludes under its substantive unconscionability analysis that the Lease fails for lack of further consideration from Appellant to the landlord. Trial Court Opinion 3/17/19 p. 24. I respectfully take issue with this conclusion as well, since the *quid pro quo* under the Lease was Appellant's continuing promise to farm the property in exchange for financial incentives. Moreover, the Lease provides that the parties were "intending to be legally bound[.]" Under the Uniform Written Obligations Act, an agreement is not rendered unenforceable in the absence of consideration when this statement is made a part of the contract. *See* Act of May 13, 1927, P.L. 985, No. 475, § 1, 33 P.S. § 6.

Appellees received benefits under the Trust and Lease, including $65,000.00 each and an ownership interest in the Property as tenants in common with each other and Appellant. Likewise, the Lease imposed certain obligations upon Appellees, including payment of taxes and extraordinary repairs. If Appellees deemed these rights and obligations more burdensome than beneficial, they were under no legal obligation to accept them. Because Appellees accepted, I would hold that they are bound by the Lease.

For the foregoing reasons, I would conclude the trial court erred in declaring the Lease unconscionable.

I respectfully dissent.